IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BASILENE L. HENSON | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-12-CV-0673-D |
| | § | |
| TIMOTHY F. GEITHNER, | § | |
| Secretary of the Treasury | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM ORDER**

Plaintiff Basilene L. Henson has filed a motion for appointment of counsel in this discrimination and retaliation case brought under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq*. There is no automatic right to the appointment of counsel in an employment discrimination suit. *See Caston v. Sears, Roebuck & Co.*, 556 F.2d 1305, 1309 (5th Cir. 1977). Rather, the decision is left to the sound discretion of the trial court. The court must consider: (1) the merits of the claim; (2) efforts taken to obtain a lawyer; and (3) the financial ability of plaintiff to retain counsel. *See Gonzalez v. Carlin*, 907 F.2d 573, 580 (5th Cir. 1990); *Caston*, 556 F.2d at 1309. No single factor is conclusive. *Gonzalez*, 907 F.2d at 580.

Prior to filing suit, plaintiff filed a charge of discrimination with the Office of Civil Rights and Diversity of the U.S. Department of the Treasury. The agency investigated the charge and determined that "a finding of no discrimination is appropriate." (*See* Doc. #3, Page-ID at 11). Such a determination is "highly probative" in deciding whether to appoint counsel in a subsequent judicial proceeding. *See Gonzalez*, 907 F.2d at 580; *Caston*, 556 F.2d at 1309. Although plaintiff lacks the financial resources to hire a lawyer, that factor alone does not warrant the appointment of counsel.

For these reasons, plaintiff's motion for appointment of counsel [Doc. #6] is denied without prejudice. Plaintiff may reurge her motion if this case survives dismissal after dispositive motions are decided.

SO ORDERED.

DATED: March 9, 2012.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE